IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED,** *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>**TRIANGLE ENGINEERING, LLC,** *et al.*,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§   NO. MO:22-CV-99-DC<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge Ronald C. Griffin's Report and Recommendation ("R&R") filed on July 28, 2022, in connection with Plaintiffs Markel International Company Limited and JH Blades & Co., Inc.'s (collectively, "Plaintiffs") Motion to Remand. (Doc. 9). Defendants Ameritrust Group, Inc. and Ameritrust Insurance Corporation (collectively, "Defendants") filed an Objection to the Magistrate Judge's R&R. (Doc. 15). After due consideration, the Court **ADOPTS** the R&R (Doc. 14) and **GRANTS** Plaintiff's Motion to Remand. (Doc. 9).

### I.   BACKGROUND

On March 30, 2022, Plaintiffs filed their First Amended Petition for Declaratory Relief in state court, in the case styled *Markel International Insurance Company Limited and JH Blades & Co., Inc. v. Triangle Engineering, LLC, Brian Bell, Hallmark Financial Services, Inc., Ameritrust Group, Inc. and Ameritrust Insurance Corporation*, Cause No. CV58404 in the 385th District Court of Midland County, Texas. The instant declaratory judgment suit seeks a ruling regarding the extent to which there is an indemnity obligation between Colgate Operating, LLC and Triangle Engineering, LLC regarding a personal injury lawsuit that was filed in Reeves County, Texas. (Doc. 2 at 1). Plaintiffs named and served

Defendants Triangle Engineering, LLC, Hallmark Financial Services, Inc., Brian Bell, Ameritrust Group, Inc., and Ameritrust Insurance Corporation. (Doc. 2-4).

On April 26, 2022, Century Surety Company ("Century") removed this case to federal court based on diversity jurisdiction. Although not a named defendant in the state court action, Century alleges Plaintiffs "misnamed or misidentified [it] as Ameritrust Group, Inc. and Ameritrust Insurance Corporation." (Doc. 2 at 1). Plaintiffs then filed the instant Motion to Remand to State Court on May 24, 2022, moving this Court to remand under 28 U.S.C. § 1447(c). (Doc. 9). Plaintiff argues Century was not an actual party to the state court action and thus lacked the power to remove the case to federal court. Defendants Ameritrust Group, Inc and Ameritrust Insurance Corporation (together, the "Ameritrust Defendants") filed their Response in conjunction with Century on June 7, 2022, and Plaintiffs filed their Reply on June 14, 2022. (Docs. 11, 12). Defendants oppose remand.

The Magistrate Judge recommended granting Plaintiff's Motion to Remand on July 28, 2022. (Doc. 14). On August 11, 2022, Defendants objected to the R&R on the following ground: "the Report incorrectly fails to consider that, as the facts supporting jurisdiction existed at the time of Removal, the Ameritrust Defendants should be allowed the opportunity to amend their pleading to reflect existing jurisdictional facts[.]" (Doc. 15).

## II.   LEGAL STANDARD

### A.   Objections to Report and Recommendation

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen (14) days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Failure to file written objections to the R&R within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district court of the proposed findings and recommendations. *Id.* Moreover, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual findings

and legal conclusions accepted by the district court to which no objections were filed. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

**B.    Motion to Remand**

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *Valencia v. Allstate Texas Lloyd's,* 976 F.3d 593, 595 (5th Cir. 2020) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

When, as here, the federal court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, diversity of citizenship must exist at the time of removal. *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). Furthermore, "a case filed in state court may be removed to federal court only by 'the defendant or the defendants.'" *Valencia*, 976 F.3d at 595 (quoting 28 U.S.C. § 1441(a)). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### III.    DISCUSSION

In this case, the burden is on Century, the entity that filed the Notice of Removal asserting diversity jurisdiction, to prove that it was entitled to remove the case to this Court. *Valencia*, 976 F.3d at 595. Plaintiff argues Century was not entitled to remove the case because it was not a defendant to the state court proceedings. Defendants argue Plaintiff's misidentification does not destroy diversity jurisdiction and they should be permitted to amend their Notice of Removal.

However, misidentification does not grant the misidentified party the power to remove a case. *Valencia*, 976 F.3d at 597.

The central question here is whether Century has the authority to remove this case to federal court? The answer, under *Valencia*, is no. "The law is clear that a case filed in state court may be removed to federal court only by 'the defendant or defendants' . . . and . . . [a] non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Valencia*, 976 F3d at 595 (citing *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action.")).

While Defendants contend the R&R is based on a procedural technicality that does not deprive the Court of jurisdiction, Defendants' objection invites the Court to disregard separate legal entities when nothing in the state court record establishes Century was an actual party to the lawsuit prior to filing its Notice of Removal. Century was not a defendant in the state court action; thus, it lacked the power to remove the case to this Court. Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R.

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 14), **OVERRULES** Defendants' Objection (Doc. 15), and **GRANTS** Plaintiff's Motion to Remand (Doc. 9).

It is therefore **ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and that this case be remanded to state court. (Doc. 9).

It is **ORDERED** that Defendants' Motion to Dismiss is **DENIED** as moot. (Doc. 5).

It is finally **ORDERED** that the Clerk of this Court **CLOSE** this case.

It is so **ORDERED**.

**SIGNED this 20th day of September, 2022.**

                                        **DAVID COUNTS**
                                        **UNITED STATES DISTRICT JUDGE**